FILED
GREAT FALLS DIV.

'06 MAR 14 PM 2 26

PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JIM-N-I, INC., a Montana corporation, doing business as ALLIED STEEL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> UNIVERSAL STEEL DETAILERS, INC., a foreign corporation, and FILIPINAS DRAVO CORPORATION, a foreign corporation, <br><br> Defendant. | No. CV 04-26-GF-SEH <br><br> **MEMORANDUM AND ORDER** |

By Second Amended Complaint filed September 2, 2004, Plaintiff named Universal Steel Detailers, Inc. (USD) and Filipinas Dravo Corporation (Dravo) as Defendants in this breach of contract action. (Pl.'s Second Amend. Compl. ¶ 1 (Sept. 2, 2004).) Dravo was alleged to be an "express partner, partner by estoppel, and/or [sic] joint venturer." (Id. at ¶ 4) On September 3, 2004, USD filed Chapter 7 Bankruptcy.[1] Dravo did not appear. Its default was entered on May 23, 2005.

Plaintiff contracted with USD to perform steel detailing on three projects for which Plaintiff was the steel supplier: Bonney Lake High School Project (Bonney Lake), Pullman Memorial Hospital Project (Pullman), and USARC Pier 23 Project (Pier 23). The contract of

---

[1] In re Universal Steel Detailers, Inc., No. 04-38716 (Bankr. D.N.J.). All proceedings against USD were, and remain, stayed. (Order (Oct. 7, 2004).)

Plaintiff for work on the Bonney Lake project was for $1,541,819.25. For work on the Pullman project the contract amount was $485,357.00. Plaintiff's contract for work on the Pier 23 project was for $683,444.00. Profits of 15% on Bonney Lake ($231,272.89), 9% on Pullman ($43,682.13), and 9% on Pier 23 ($61,509.96) were expected by Plaintiff to be earned. The three contracts totaled $2,710,620.25. Total profits of $336,464.98 were anticipated.

Damages requested by Plaintiff from Dravo were $2,575,810.37. This amount is equivalent to approximately 95% of the gross amount to be paid to Plaintiff for full performance of all three of the contracts upon which USD acted as sub-contractor. The amount is, likewise, approximately 7.7 times in excess of the profits Plaintiff anticipated from all three contracts combined.

The default damages claimed from Dravo are facially suspect and, at best, questionable. Moreover, the evidence offered in support of the claims was of little value in determining losses resulting from any failure to perform attributable in law to Dravo. Meaningful assessment and an accurate calculation of actual, as distinct from claimed, losses could not be made with reliability on the basis of the record before the Court.

Notwithstanding that Dravo, which was alleged to be Filipino Corporation, was defaulted and apparently is no longer a viable entity in the United States, and notwithstanding that a judgment against it may remain uncollectible, the Court nevertheless has grave doubts about the legal underpinnings of the claims against Dravo and remains unsatisfied that damages for contract breach beyond those allowed are recoverable. Dravo's failure to defend does not entitle Plaintiff to claim damages in whatever amount it chooses. Nor does it relieve the Court of responsibility to endeavor to ensure that a judgment entered against Dravo is justified.

The damages allowed are equivalent to the total profits anticipated by Plaintiff on the three projects, plus an amount for attorneys' fees. No greater recovery can be justified.

Damages are awarded as follows:

| | | |
|---|---|---|
| Bonney Lake High School | = | $231,272.89 |
| Pullman Memorial Hospital | = | $43,682.13 |
| USARC Pier 23 | = | $61,509.96 |
| Attorneys' Fees and Costs | = | $36,346.27 |
| Total Damages | = | $372,811.25 |

The Clerk of Court is directed to enter judgment against Filipinas Dravo Corporation in the amount of $372,811.25.

DATED this 14th day of March, 2006.

SAM E. HADDON
United States District Judge